HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
PABLO VARGAS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PABLO VARGAS,<br><br>Defendant. | No. 2:17-CR-00155-TLN<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge: The Honorable JOHN A. MENDEZ |

Defendant, PABLO VARGAS, by and through his attorney, Assistant Federal Defender David M. Porter, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2. The United States Sentencing Commission recently amended the Sentencing Guidelines to include what now appears in USSG § 4C1.1 ("zero-point

provision"). *See* Amendment 821, Part B, Subpart 1. The zero-point provision provides a 2-offense-level reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in USSG § 4C1.1(a);

3. On February 10, 2022, this Court sentenced Mr. Vargas to 135 months imprisonment;

4. Mr. Vargas's total offense level was 33, his criminal history category was I (having no criminal history points), and the resulting guideline range was 135 to 168 months;

5. The sentencing range applicable to Mr. Vargas was subsequently lowered by the zero-point provision;

6. Mr. Vargas is eligible for a reduction in sentence, which reduces his total offense level by 2 from 33 to 31, resulting in an amended advisory guideline range of 108 to 135 months. Although Mr. Vargas's conviction carries a 120-month mandatory minimum term of imprisonment, the Court may impose a term below the mandatory minimum term based on 18 U.S.C. § 3553(f). *See* SOR at 1;

7. Accordingly, the parties request the Court enter the order lodged herewith reducing Mr. Vargas's term of imprisonment to 108 months;

The following statements are provided by Mr. Vargas and the United States, respectively, and are not part of the parties' stipulation;

1. <u>Mr. Vargas's statement regarding the stipulation</u>: Defendant's counsel enters into this stipulation after having examined the pertinent documents, including the plea agreement, presentence report, statement of reasons, and judgment. Mr. Vargas's current projected release date is October 14, 2030. For more than 3 years, Mr. Vargas was on pretrial release with no compliance issues. His drug screens were negative, and he was gainfully employed. He was allowed to self-surrender following sentencing. PSR 5; ECF 194. Since being incarcerated, he has built a solid record of rehabilitation, securing a sought-after UNICOR position. He maintains an exemplary disciplinary record and has no

incident reports.

2. <u>United States' statement regarding its stipulation</u>:

The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"), ECF No. 174; the parties' plea agreement, ECF No. 170; the United States' Sentencing Memorandum, ECF No. 192; Statement of Reasons ("SOR"); Judgment, ECF No. 196; defendant's Bureau of Prisons ("BOP") disciplinary history, and after conferring with the prosecuting Assistant United States Attorney. Defendant was convicted of conspiracy to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and was held responsible for 6.8 kilograms of methamphetamine (actual). *See* ECF No. 196; PSR ¶ 25. According to BOP records, as of December 17, 2024, Defendant does not have any sustained disciplinary actions and his current projected release date is October 14, 2030, with application of good conduct time and First Step Act credits.

Respectfully submitted,

Dated: December 20, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ *Shelley D. Weger*
SHELLEY D. WEGER
Assistant U.S. Attorney

Attorney for Plaintiff
UNITED STATES OF AMERICA

Dated: December 20, 2024

HEATHER E. WILLIAMS
Federal Defender

/s/ *David M. Porter*
DAVID M. PORTER
Assistant Federal Defender

Attorney for Defendant
PABLO VARGAS

# ORDER

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds Mr. Vargas is entitled to the benefit of Amendment 821, Part B, Subpart 1, the new zero-point provision, which reduces the total offense level from 33 to 31, resulting in an amended guideline range of 108 to 135 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 5C1.2, the term of imprisonment imposed in February 2022 is reduced to a term of 108 months.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect.  The clerk shall forthwith prepare amended judgment reflecting the above reduction in sentence.

Unless otherwise ordered, Mr. Vargas shall report to the United States Probation Office within seventy-two hours after his release.

Dated:   December 23, 2024

_____
Troy L. Nunley
Chief United States District Judge